UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOBY C. HARPER #19746599,<br><br>Plaintiffs,<br><br>vs.<br><br>GEORGE BAILEY DETENTION FACILITY,<br><br>Defendants. | Case No.: 3:20-cv-02409-CAB-LL<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS PURSUANT TO 28 U.S.C. § 1915(a) [ECF No. 2]**<br><br>**2) DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)** |

Plaintiff Jacoby C. Harper ("Harper" or "Plaintiff"), currently incarcerated at George Bailey Detention Facility ("GBDF"), has filed a pro se civil rights action pursuant 42 U.S.C. § 1983. *See* ECF No. 1. Harper did not prepay the $400 civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but did file a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2.

/ / /

/ / /

## I. Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

---

[1] A civil litigant bringing suit must pay the $350 statutory fee in addition to a $52 administrative fee. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020). The $52 administrative fee does not apply to persons granted leave to proceed IFP, however. *Id*.

In support of his IFP Motion, Harper has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. Cal. Civ. L.R. 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Harper's trust account activity which shows an available balance of $0.74 at the time of filing. *See* ECF No. 2 at 4. Therefore, the Court **GRANTS** Harper's IFP (ECF No. 2) and does not assesses an initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1) because Harper does not have sufficient funds. The Court directs the Watch Commander, or their designee, to collect the $350.00 balance of the filing fees required by 28 U.S.C. § 1914 and to forward it to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.     Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)

### A. Standard of Review

Because Harper is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted

as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

B. <u>Harper's Factual Allegations</u>

Harper alleges that August 18, 2020, officers at GBDF improperly allowed about twenty Hispanic inmates into the dorm area where Harper and other African-American inmates were located. Compl. at 3. The Hispanic inmates beat and assaulted the African-American inmates and were "kicking, punching, spitting and yelling racial slurs" at Harper and other inmates. *Id.* Harper claims that after this incident, individuals who had been disciplined for the assaults were placed back in the pods where the victims of the assaults were located on at least three occasions. *Id.* at 4. Specifically, on December 5, 2020, one of the perpetrators of the assaults was placed in Harper's module and told Harper and others that "the sheriffs deputies told him to come in." *Id.* at 5. According to Harper, the inmate was later moved and sheriffs deputies said they forgot the individual was to remain in a separate dorm. *Id.* As a result of these events, Harper, who suffers from post traumatic stress disorder and depression and is bi-polar, is traumatized. He now suffers from "strange headaches" and lower back pain. *Id.* at 3. He lost his hearing for some time after being hit in the head during the assault and his hearing remains impaired. *Id.* He also suffers from nightmares and now fears all Hispanic inmates. *Id.*

C. <u>42 U.S.C. § 1983</u>

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*,

263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a Plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D.  Discussion

Harper has failed to state a claim upon which § 1983 relief may be granted. Departments of municipal entities are not "persons" subject to suit under § 1983; therefore, a local law enforcement agency, like the San Diego Sheriff's Department and its detention facilities are not proper parties. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'").

"Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance*, 928 F. Supp. at 995-96. The GBDF is an agency or department of the County of San Diego, but it is not a "person" subject to suit under § 1983. *Id.*; *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (stating that "[s]ection 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.' "). Therefore, Plaintiff cannot pursue any § 1983 civil rights claims against the GBDF. *See e.g., Boone v. Deutsche Bank Nat'l Tr. Co.*, No. 2:16-CV-1293-GEB-KJN-PS, 2017 WL 117966, at *3 (E.D. Cal. Jan. 12, 2017) (stating that "[b]ecause the Solano County Sheriff's Department
/ / /

is not a 'person' within the meaning of Section 1983, plaintiffs cannot maintain their claims against it under that statute as a matter of law.").

To the extent Plaintiff may have intended to assert a claim against the County of San Diego itself, his allegations are also insufficient. A municipal entity may be held liable under § 1983 only if he alleges facts sufficient to plausibly show that he was deprived of a constitutional right by individually identified employees who acted pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. Dep't of Social Servs*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The County of San Diego may not be held vicariously liable under § 1983 simply because one of its employees is alleged to have acted wrongfully. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom ... inflicts [a constitutional] injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010). Harper has not plausibly alleged that any individual at the GBDF was executing county government policy or custom which inflicted a constitutional injury. *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010).

Further, although Harper alleges his due process and Eighth Amendment rights were violated, he fails to plausibly show how, or to what extent, any particular individual may be held individually liable for the constitutional injuries he alleges. *See Iqbal*, 556 U.S. at 676-77; *Jones v. Comm'ty Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even pro se plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). Compl. at 3-4. In order to allege the deprivation of a constitutional right within the meaning of § 1983, a Plaintiff must plausibly allege that an individual defendant "[did] an affirmative act, participate[d] in another's affirmative acts, or omit[ted] to perform an act which he is legally required to

do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Broad and conclusory allegations, such as the ones put forth in Harper's Complaint, are not sufficient. Instead, "Plaintiff must plead that each Government-official defendant, through [his] own individual actions, has violated the Constitution" in order to plead a plausible claim for relief. *Iqbal*, 556 U.S. at 676-77. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) (stating that "[c]ausation is, of course, a required element of a § 1983 claim.")

"Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (holding that, under the Due Process Clause, a detainee may not be punished prior to conviction)). Under either Amendment, a Plaintiff must allege facts sufficient to show that Defendants acted with "deliberate indifference" in order to state a plausible claim for relief. *Id.* at 1068; *Iqbal*, 556 U.S. at 678; *Hatter v. Dyer*, 154 F. Supp. 3d 940, 944-54 (E.D. Cal. 2015) (applying *Castro*'s objective deliberate indifference standard to pretrial detainee's over-crowding and general conditions of confinement claims). In order to state a plausible Fourteenth Amendment failure to protect claim, Harper must plausibly allege that "a reasonable officer in the circumstances would have appreciated the high degree of risk involved," or that the failure to abate a "substantial risk" caused him an injury. *Castro*, 833 F.3d at 1071. Harper's factual allegations as currently pleaded are insufficient to support a claim that any specific individual was responsible for any of the claims he raises in his Complaint.

/ / /

### III. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Harper's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2);

2. **DIRECTS** the Watch Commander for the George Bailey Detention Facility, or their designee, to collect from Harper's trust account the $350 filing fee owed by collecting monthly payments from Harper's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, San Diego, CA 92158;

4. **DISMISSES** Harper's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

5. **GRANTS** Harper **sixty (60)** days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted above. Harper's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Harper fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Harper's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring

amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  March 15, 2021

Hon. Cathy Ann Bencivengo
United States District Judge