UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACOBY C. HARPER #19746599,<br><br>                          Plaintiffs,<br><br>      vs.<br><br><br>SAN DIEGO COUNTY, SAN DIEGO COUNTY JAIL, SAN DIEGO "PERSONS,"<br><br>                      Defendants. | Case No.:  3:20-cv-02409-CAB-LL<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)** |

On December 9, 2020, Plaintiff Jacoby C. Harper ("Harper" or "Plaintiff"), currently incarcerated at George Bailey Detention Facility ("GBDF"), filed a pro se civil rights action pursuant 42 U.S.C. § 1983. *See* ECF No. 1. Harper also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2. On March 15, 2021, the Court granted Plaintiff's IFP Motion and dismissed the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). ECF No. 3. The Court gave Plaintiff 60 days to file a First Amended Complaint which would cure the deficiencies of pleading noted in the Court's Order. *Id.* at 7. On April 22, 2021, Plaintiff filed a First Amended Complaint. ECF No. 4.

## I.   Sua Sponte Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b)

### A. Standard of Review

Because Harper is a prisoner and is proceeding IFP, his First Amended Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under Section 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting

this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

B. Harper's Factual Allegations

In his First Amended Complaint, Harper alleges that while detained at GBDF he was assaulted by a group of Hispanic inmates. FAC, ECF No. 4 at 3. He contends that the aggressors were able to enter the "protective custody" module where Plaintiff was housed, after a GBDF staff member "release[d] the locks and let them in[to]" the module. *Id.* Harper states he was "repeatedly kicked and punched, mostly in his head, back and his tooth got knocked out." *Id.* He claims his life and safety were compromised as a result of "locks being released by a George Bailey staff member" so that the Hispanic inmates could access the area and stage the attack. *Id.*

In addition, Harper alleges that GBDF staff retaliated against him and other inmates who "pressed charges" related to the incident. *Id.* at 4. He alleges GBDF staff subjected him to unwarranted strip searches and cell searches in retaliation for his complaints. *Id.* During one cell search, Plaintiff contends GBDF staff "ransacked" his cell and took many of his belongings, including his phone book, family photos and letters. They also purportedly took some hygiene and food items Plaintiff had purchased at the canteen. *Id.* Harper alleges he suffers from post-traumatic stress disorder, anxiety, depression, and paranoia from his "current situation" in the GBDF. *Id.* Harper seeks compensatory and punitive damages in the sum of $53,000 each. *Id.* at 7.

C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a Plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2)

that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

D. <u>Discussion</u>

In his First Amended Complaint, Harper names three Defendants – San Diego County Jail, San Diego County, and "San Diego 'Persons.'" FAC, ECF No. 4 at 1, 5. As with his original complaint, however, Plaintiff has failed to state a claim upon which § 1983 relief may be granted. Parties can seek relief under § 1983 against persons acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "Persons" under § 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, and/or the local governmental entity itself. *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996).

First, the "San Diego County Jail" is managed by and/or a department of San Diego County, but it is not a "person" subject to suit under § 1983. *See e.g., United States v. Kama*, 394 F.3d 1236, 1239 (9th Cir. 2005) ("municipal police departments and bureaus are generally not considered 'persons' within the meaning of section 1983"); *Rodriguez v. Cnty. of Contra Costa*, 2013 WL 5946112 at *3 (N.D. Cal. Nov. 5, 2013) ("[a]lthough municipalities, such as cities and counties, are amenable to suit under *Monell [v. Dept. of Soc. Serv. of City of New York*, 436 U.S. 658 (1978)], sub-departments or bureaus of municipalities, such as the police departments, are not generally considered "persons" within the meaning of § 1983") (citing *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995)); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.' Cook County Jail is not a 'person.'"). Therefore, Harper cannot pursue § 1983 civil rights claims against the San Diego County Jail.

Second, to the extent Harper names the County of San Diego as a defendant, his allegations are also insufficient. A municipal entity may be held liable under § 1983 only if he alleges facts sufficient to plausibly show that he was deprived of a constitutional

1
2
3
4
5
6
7
8
9
10
11
12
13

right by individually identified employees who acted pursuant to the municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell*, 436 U.S. at 691; *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). The County of San Diego may not be held vicariously liable under § 1983 simply because one of its employees is alleged to have acted wrongfully. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691 ("[A] a municipality cannot be held liable solely because it employs a tortfeasor."); *Jackson v. Barnes*, 749 F.3d 755, 762 (9th Cir. 2014). Instead, the municipality may be held liable "when execution of a government's policy or custom . . . inflicts [a constitutional] injury." *Monell*, 436 U.S. at 694; *Los Angeles Cty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010). Harper has not plausibly alleged that any individual at the San Diego County was executing county government policy or custom which inflicted a constitutional injury. *Monell*, 436 U.S. at 694; *Humphries*, 562 U.S. at 36.

14
15
16
17
18
19
20
21
22
23

Furthermore, "San Diego County 'Persons'" is not a proper defendant to this action. Unnamed persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants. Harper should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights.[1] *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the

24
25
26
27
28

---

[1] Although a plaintiff may name "Doe" defendants to withstand dismissal of a complaint at the initial review stage, Harper is cautioned that using "Doe" defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("[T]he use of 'John Doe' to identify a defendant is not favored."). While the Court grants Harper leave to amend his complaint so that he may attempt to learn the name of the persons who allegedly violated his rights, the burden remains on Plaintiff to name the defendants in his amended complaint. *See id.*

constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011).

For these reasons, the First Amended Complaint must be dismissed. Harper will be granted leave to file a second amended complaint, if he can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez*, 203 F.3d at 1126–27 (concluding that district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should Harper choose to file an amended complaint, he must clearly set forth the claims and allegations against each defendant. Any amended complaint must identify as a defendant only persons who personally participated in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, the Court notes that although Harper alleges his due process and Eighth Amendment rights were violated, he again fails to plausibly show how, or to what extent, any particular individual may be held individually liable for the constitutional injuries he alleges. *See Iqbal*, 556 U.S. at 676–77; *Jones v. Comm'ty Redev. Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (stating that even pro se plaintiffs must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim). FAC, ECF No. 4 at 3–4. In order to allege the deprivation of a constitutional right within the meaning of § 1983, a plaintiff must plausibly allege that an individual defendant "[did] an affirmative act, participate[d] in another's affirmative acts, or omit[ted] to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson*, 588 F.2d at 743. Broad and conclusory allegations, such as the ones put forth in Harper's Complaint, are not sufficient. Instead, to plead a plausible claim for relief, "Plaintiff must plead that each Government-official defendant, through [his] own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676–77. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant

whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976)); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) (stating that "[c]ausation is, of course, a required element of a § 1983 claim.")

"Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (holding that, under the Due Process Clause, a detainee may not be punished prior to conviction)). Under either Amendment, a plaintiff must allege facts sufficient to show that Defendants acted with "deliberate indifference" in order to state a plausible claim for relief. *Id*. at 1068; *Iqbal*, 556 U.S. at 678; *Hatter v. Dyer*, 154 F. Supp. 3d 940, 944–54 (E.D. Cal. 2015) (applying *Castro*'s objective deliberate indifference standard to pretrial detainee's over-crowding and general conditions of confinement claims). In order to state a plausible Fourteenth Amendment failure to protect claim, Harper must plausibly allege that "a reasonable officer in the circumstances would have appreciated the high degree of risk involved," or that the failure to abate a "substantial risk" caused him an injury. *Castro*, 833 F.3d at 1071. Harper's factual allegations as currently pleaded are insufficient to support a claim that any specific individual was responsible for any of the claims raised in his First Amended Complaint.

## II.    Conclusion and Orders

Good cause appearing, the Court:

1.    **DISMISSES** Harper's First Amended Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

2.    **GRANTS** Harper **forty-five (45)** days leave from the date of this Order in which to file a Second Amended Complaint which cures all the deficiencies of pleading

noted above. Harper's Second Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Second Amended Complaint will be considered waived. *See* S.D. Cal. Civ. L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Harper fails to file a Second Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Harper's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  June 15, 2021

_____

Hon. Cathy Ann Bencivengo
United States District Judge